

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Weaver H. Baker, Chairman
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-5697
Re: Authority of State Orphans'
Home to place children in
the home of proposed foster
parents for trial periods
as provided by Sec. 3 of
Art. 46a

　　　Your letter requests our opinion on the interpreta-
tion of Article 3212, R. C. S., 1925, which relates to the
release of children from the State Orphans' Home at Corsicana,
Texas, as follows:

　　　"Is the superintendent, under the provisions
of Art. 3212, R. C. S., 1925, permitted to place
children in the home of persons other than the
natural parents or duly appointed guardians for
temporary periods such as three or four months until
it is determined how well the child adjusts to the
foster parents, and how well they adjust to the
child? In determining this question, please keep
in mind Art. 46a, 53, V. A. C. S., which deals with
the adoption of children.

　　　"This question is on the assumption that the
State Orphans' Home would not release the child
permanently, but would place him on furlough for
this period of observation, and after it was seen
that the child would do well in the home, the foster
parents would then be asked to apply for guardian-
ship of the child's person. Upon their appointment
as guardians, the State Orphans' Home would dis-
charge the child completely from its jurisdiction."

　　　There is no conflict between Article 3212 relating
to the removal of children from the State Orphans' Home and
Article 46a, Section 3 of the general adoption statutes.
Article 3212 provides that:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Weaver H. Baker, Chairman - Page 2

"No person shall be permitted to remove a child from said home except under such lawful rules and regulations as the Board may adopt. In no case shall a child be removed therefrom by any person other than the natural guardian of said child, or the duly qualified guardian of the person of such child, or the parent of said child by adoption."

Article 46a, Section 3, provides:

"No petition for the adoption of any minor child shall be granted until the child shall have lived for six months in the home of the petitioner; provided, that this requirement may be dispensed with upon good cause shown in the discretion of the Court, when the Court is satisfied that the home of the petitioner and the child are suited to each other."

These two statutes should be read and construed together. The surest guide to a correct construction of a statute is secured by ascertaining the purpose its makers intended it should accomplish. The object of the Texas Legislature in enacting the State's adoption statutes was to secure for the adopted child a legal status which would most closely approximate that provided by the natural parents and the home of natural parents. The public interest and the welfare of the child are dependent upon an interpretation of the adoption statutes which will do least violence to natural laws. To hold that, "in no case", shall a child be removed from the State Orphans' Home by any person other than the natural guardian of said child, or the duly qualified guardian of the person of such child, or the parent of said child by adoption, would operate to defeat the benevolent intent of our adoption statutes. Children, who might otherwise be placed in good homes, would be forced to remain in the institution.

It is significant to note that Article 3212 was passed in 1887. At that early date our adoption statutes provided simply for, "adoption by deed". The Legislature in 1931, realizing a need for reform, amended our adoption statutes and provided for a petition to the District Court and further provided for a six months trial period before granting of the petition by the Court.

Placing of the child in the home of persons, other than the parent or guardian of the child, for a temporary trial period as provided by the adoption statutes, does not amount to removal from the State Orphans' Home as contemplated in Article 3212. The institution would retain jurisdiction over the child for the six months trial period, and, if at the end of this trial period it appears that the child and the prospective parents are suited to each other, the State Orphans' Home would, when the child was legally adopted, discharge the child completely from its jurisdiction and control.

We trust that the foregoing answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Fred C Chandler_
Fred C. Chandler
Assistant

By _H. T. Bob Donahue_
H. T. Bob Donahue

ATTORNEY GENERAL OF TEXAS

HTBD/pw

APPROVED
OPINION
COMMITTEE
BY C.A.C.